```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**EMPLOYER-TEAMSTERS LOCAL NOS.
175/505 HEALTH AND WELFARE TRUST
FUND, and EMPLOYER-TEAMSTERS LOCAL
NOS. 175/505 PENSION TRUST FUND,**

      **Plaintiffs,**

**v.**                                     **CIVIL ACTION NO. 2:07-00308**

**DAVIS & BURTON CONTRACTORS, INC.,
a West Virginia Corporation,**

      **Defendant.**

## MEMORANDUM OPINION

Pending before the court is plaintiffs' Motion for Default Judgment. (Doc. No. 6.) Defendant has made no response to the motion, and has failed to make an appearance in this action. For the reasons set forth below, the motion is granted.

### I. Factual and Procedural Background

Plaintiffs Employer-Teamsters Local Nos. 175/505 Health and Welfare Trust Fund ("Health Fund") and Employer-Teamsters Local Nos. 175/505 Pension Trust Fund ("Pension Fund") are Employee Benefit Plans as defined by the Employee Retirement Income Security Act of 1974 (ERISA). (Doc. No. 1 at 1.) Defendant Davis & Burton Contractors, Inc. ("Davis & Burton"), is a West Virginia corporation doing business in the construction industry. (Id. at 2.) The complaint alleges that Davis & Burton failed to make any monthly contributions to the Health Fund and Pension Fund on behalf of its employees, despite being obligated to do so

under the terms of its Collective Bargaining Agreement ("CBA") with Teamsters Local Union No. 505.  (Id.)  The delinquent employers procedures for the funds prescribe liquidated damages of ten percent of the principal amount, plus interest of one and one-half percent (1.5%) per month until the delinquent amount is paid in full.  (Id. at 2-3.)

An audit conducted at plaintiffs' behest by Harris & Company, CPAs, revealed the following arrearages as of May 1, 2007:

| Category | Pension Fund | Health Fund |
| --- | --- | --- |
| Principle liability | $4,327.62 | $ 717.00 |
| Liquidated damages | $ 432.76 | $ 71.70 |
| Interest | $3,340.44 | $ 752.85 |
| TOTAL | $8,100.82 | $1,541.55 |

(Doc. No. 1 at 3.)  The complaint alleges that plaintiffs have requested on several occasions that defendant make payment of the amounts owed, but to no avail.  (Id.)  Accordingly, the complaint demands judgment in the above amounts plus interest until paid in full, as well as plaintiffs' costs and attorney fees in bringing this action.  (Id.)  The court has jurisdiction over this ERISA action pursuant to 29 U.S.C. § 1332.

## II.  Analysis

### A.  Liability

Where service on a defendant is validly effected under Federal Rule of Civil Procedure 4, and the defendant chooses not to plead or otherwise defend itself in an action, all of the averments in the complaint except those relating to damages are deemed admitted.  See Fed. R. Civ. P. 8(d); Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (stating that "the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); Branch Banking & Trust Co. v. Fowler, 2005 U.S. Dist. LEXIS 3799, at *6 (W.D. Va. Mar. 3, 2005).

The entry of default judgment under Federal Rule of Civil Procedure 55 is left to the discretion of the court.  SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).  The Fourth Circuit Court of Appeals has a "strong policy" that "cases be decided on their merits."  Id. (quoting United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993)).  Default judgment may be appropriate, however, when the adversary process has been halted because of an essentially unresponsive party.  Lawbaugh, 359 F. Supp. 2d at 421-22 (citing Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980)).

In this case, defendant was validly served pursuant to Federal Rule of Civil Procedure 4.  (See Doc. Nos. 2, 4.)

Nonetheless, defendant has failed to answer or otherwise defend or appear in this action.  Default was entered against defendant by the Clerk of this court on October 3, 2007, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  (Doc. No. 8.)  Plaintiffs had previously filed their motion for default judgment on September 28, 2007.  (Doc. No. 6.)  Because defendant has had ample notice of the suit pending against it, but has taken no action, it is appropriate to grant plaintiffs' motion for default judgment.  See Lawbaugh, 359 F. Supp. 2d at 422.

**B.     Damages**

Federal Rule of Civil Procedure 54(c) provides some limitation to the discretion of courts entering default judgment: "[A] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Damages may not generally be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts.  See United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979).  Courts may, however, award damages in situations in which they may be determined with certainty by reference to the pleadings and supporting documentation.  See James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

In their motion for default judgment, plaintiffs calculated the amounts owed by defendant as of October 1, 2007, at $8,295.58 with regard to the Pension Fund and $1,573.82 with regard to the

Health Fund, both amounts having been calculated to include interest at the rate of one and one-half percent per month. (Doc. No. 6 at 2.)  Plaintiffs further seek filing fees of $350.00, service of process fees of $20.00, and attorney fees of $645.00.  (Id.)  In support of the requested figures, plaintiffs attach affidavits and supporting documentation, including the calculations that resulted from the audit conducted by Harris & Company.  (Doc. No. 6 Exs. A, B.)

Having reviewed plaintiffs' supporting materials, as well as the record in this case, the court concludes that plaintiffs' calculation of costs, interest, and damages is accurate and that their calculation of attorney's fees is reasonable.  See 29 U.S.C. § 1132(g).  Accordingly, in an accompanying Judgment Order, the court enters judgment against defendant in the amounts demanded by plaintiffs.

### III.  Conclusion

For the reasons set forth above, plaintiffs' motion for default judgment (Doc. No. 6) is hereby **GRANTED**.  In an accompanying Judgment Order, the court enters judgment against defendant Davis & Burton in the amounts demanded by plaintiffs.

The Clerk is directed to remove this action from the court's active docket and to send copies of this Memorandum Opinion to counsel of record.

It is **SO ORDERED** this 30th day of November, 2007.

ENTER:

David A. Faber
United States District Judge